IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | |
|---|---|
| **EMA DE JESUS RUIZ CORREA**<br>**Plaintiff,**<br><br>**V.**<br><br><br><br>**WILLIAM FOSTER AND ANDREW**<br>**MCDANIEL**<br>**Defendants.** | §<br>§<br>§<br>§<br>§       CIVIL ACTION NO. 4:20-CV-84<br>§<br>§<br>§<br>§<br>§<br>§ |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

    **NOW COMES** EMA DE JESUS RUIZ CORREA, hereinafter called Plaintiff, complaining of and about WILLIAM FOSTER and ANDREW MCDANIEL, hereinafter called Defendants, and for cause of action shows unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

    1.    Plaintiff intends that discovery be conducted under Federal Rules of Civil Procedure.

### PARTIES AND SERVICE

    2.    Plaintiff, EMA DE JESUS RUIZ CORREA, is an Individual whose address is 49 HILLFIELD COVE, BYHALIA, Mississippi 38611.

    3.    The last three numbers of EMA DE JESUS RUIZ CORREA's driver's license number are \*\*\*.  The last three numbers of EMA DE JESUS RUIZ CORREA's social security number are \*\*\*.

    4.    Defendant WILLIAM FOSTER, an Individual who is a nonresident of Texas, may be served with process at his home at the following address:  1426 WEYMOUTH ST, MEMPHIS,

TN 38108.  Service of said Defendant as described above can be effected by personal delivery.

5.	Defendant ANDREW MCDANIEL, an Individual who is a nonresident of Texas, may be served with process at his home at the following address:  7128 APACHE DR., OLIVE BRANCH, MS 38654-1316.  Service of said Defendant as described above can be effected by personal delivery.

## JURISDICTION AND VENUE

6.	The subject matter jurisdiction is appropriate in this Court under 28 U.S.C. §1332(a) because there is complete diversity of citizenship and the amount at issue is in excess of $75,000.00.

7.	This Court has jurisdiction and venue is proper because a substantial part of the events giving rise to this claim occurred in Ward County. 28 U.S.C.A. §1391.

8.	Venue is proper in the Western District of Texas because a substantial part of the events or omissions giving rise to the accident occurred in the Western District of Texas.

9.	Plaintiff would also show that the cause of action arose from or relates to the contacts of Defendant ANDREW MCDANIEL to the state of Texas, thereby conferring specific jurisdiction with respect to said Defendant ANDREW MCDANIEL by permitting Defendant WILLIAM FOSTER to drive his vehicle to Texas.

10.	Defendant WILLIAM FOSTER crashed his car in Ward County, Texas which killed the son of Plaintiff.

## FACTS

11.	Defendant WILLIAM FOSTER traveling west on IH 20 at an unsafe speed.

12.	Defendant WILLIAM FOSTER failed to drive in a single lane and entered into the westbound barrow ditch.

13.	Defendant WILLIAM FOSTER took faulty evasive action to the left and over corrected.

14.	For unknown reasons Defendant WILLIAM FOSTER then began a right side side skid traveling across the westbound and eastbound lanes of traffic.

15. Defendant WILLIAM FOSTER's vehicle struck a concrete barrier that is located on the eastbound shoulder.

16. Defendant WILLIAM FOSTER's vehicle slid across the barrier and came to rest on top of the barrier facing west.

17. This suit is brought in accordance with Sections 71.001 et seq. of the Texas Civil Practice and Remedies Code, to recover damages from Defendants, as a result of the wrongful death of decedent. As a result of the untimely death of decedent, plaintiff has suffered pecuniary loss from the death of her, respectively, including losses of care, maintenance, support, services, advice, counsel, and contributions of a pecuniary value that they would, in reasonable probability, have received from decedent during his lifetime, had decedent lived. Plaintiff had suffered additional losses by virtue of the destruction of the parent-child relationship, including the right to love, affection, solace, comfort, companionship, society, emotional support, and happiness. Plaintiffs have suffered severe mental depression and anguish, grief, and sorrow as a result of the death of decedent, and is likely to continue to suffer for a long time in the future. For these losses, plaintiff seeks damages in a sum within the jurisdictional limits of the court.

## PLAINTIFF'S CLAIM OF

## NEGLIGENCE AGAINST WILLIAM FOSTER

18. Defendant WILLIAM FOSTER had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein.

19. Plaintiff's injuries were proximately caused by Defendant WILLIAM FOSTER's negligent, careless and reckless disregard of said duty.

20. The negligent, careless and reckless disregard of duty of Defendant WILLIAM FOSTER consisted of, but is not limited to, the following acts and omissions:

    A. In that Defendant WILLIAM FOSTER failed to keep a proper lookout for Plaintiff's safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances;

    B. In that Defendant WILLIAM FOSTER failed to turn his motor vehicle to the right in an effort to avoid the collision complained of;

    C. In that Defendant WILLIAM FOSTER was operating his motor vehicle at a rate of speed which was greater than that would have been operated by a person of ordinary prudence under the same or similar circumstances; and

---

      D.      In that Defendant WILLIAM FOSTER failed to apply his brakes to his motor vehicle in a timely and prudent manner.

## PLAINTIFF'S CLAIM OF

## NEGLIGENT ENTRUSTMENT AGAINST ANDREW MCDANIEL

21.      On November 1, 2019, Defendant ANDREW MCDANIEL was the owner of the vehicle operated by WILLIAM FOSTER.

22.      Defendant ANDREW MCDANIEL entrusted the vehicle to WILLIAM FOSTER, a reckless driver.

23.      Defendant ANDREW MCDANIEL knew, or through the exercise of reasonable care should have known, that WILLIAM FOSTER was a reckless driver.

24.      As described herein, WILLIAM FOSTER was negligent on the occasion in question.

25.      WILLIAM FOSTER's negligence was the proximate cause of Plaintiff's damages.

## EXEMPLARY DAMAGES

26.      Defendant WILLIAM FOSTER's acts or omissions described above, when viewed from the standpoint of Defendant WILLIAM FOSTER at the time of the act or omission, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff and others.  Defendant WILLIAM FOSTER had actual, subjective awareness of the risk involved in the above described acts or omissions, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff and others.

27.      Based on the facts stated herein, Plaintiff requests exemplary damages be awarded to Plaintiff from Defendant WILLIAM FOSTER.

28.      Defendant ANDREW MCDANIEL's acts or omissions described above, when viewed from the standpoint of Defendant ANDREW MCDANIEL at the time of the act or omission, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff and others.  Defendant ANDREW MCDANIEL had actual, subjective awareness of the risk involved in the above described acts or omissions, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff and others.

---

29. Based on the facts stated herein, Plaintiff requests exemplary damages be awarded to Plaintiff from Defendant ANDREW MCDANIEL.

### DAMAGES FOR PLAINTIFF, EMA DE JESUS RUIZ CORREA

30. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, EMA DE JESUS RUIZ CORREA was caused to suffer the death of her son, and to incur the following damages:

   A. Loss of Parental Consortium in the past, including damages to the parent-child relationship, including loss of care, comfort, solace, companionship, protection, services, support, and/or parental love;

   B. Loss of Parental Consortium in the future including damages to the parent-child relationship, including loss of care, comfort, solace, companionship, protection, services, support, and/or parental love;

   C. Mental anguish in the past; and

   D. Mental anguish in the future.

### PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, EMA DE JESUS RUIZ CORREA, respectfully prays that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants, jointly and severally, for damages in an amount within the jurisdictional limits of the Court; exemplary damages, as addressed to each Defendant per Section 41.006, Chapter 41, Texas Civil Practice and Remedies Code, excluding interest, and as allowed by Sec. 41.008, Chapter 41, Texas Civil Practice and Remedies Code, and Sections 71.001 et seq. of the Texas Civil Practice and Remedies Code and Sections 71.001 et seq. of the Texas Civil Practice and Remedies Code, to recover damages from Defendants, as a result of the wrongful death of decedent together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

_____

ORI T. WHITE & ASSOCIATES, P.C.

By: _____
    ORI T. WHITE
    Texas Bar No. 21321600
    Email: ori@oritwhite.com
    P.O. BOX 160
    Ft. Stockton, TX 79735
    Tel. (432) 336-2880
    Fax. (432) 336-2881
    Attorney for Plaintiff
    EMA DE JESUS RUIZ CORREA