**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION**

| | | |
|---|---|---|
| **EMA DE JESUS RUIZ CORREA,** § | | |
| *Plaintiff*, § | | |
| § | | |
| v. § | | No.  PE:20-CV-00084-DC-DF |
| § | | |
| **WILLIAM J. FOSTER and ANDREW** § | | |
| **MCDANIEL,** § | | |
| *Defendants*. § | | |

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S FIFTH MOTION FOR EXTENSION OF TIME TO OBTAIN SERVICE OF PROCESS

On December 31, 2020, Plaintiff Ema De Jesus Ruiz Correa ("Plaintiff") filed her Original Complaint in this Court. (*See* Doc. 1). Plaintiff then filed an Amended Complaint on January 5, 2021. (*See* Doc. 2). This case is before the undersigned through a Standing Order pursuant to 28 U.S.C. § 636 and Appendix C of the Local Court Rules for the Assignment of Duties to United States Magistrate Judges.

On July 8, 2021, Plaintiff effectuated service of her Amended Complaint on Defendant Andrew McDaniel ("Defendant McDaniel"). (Doc. 7). However, Plaintiff has since been unable to effectuate service on the remaining Defendant William J. Foster ("Defendant Foster"). (*See* Doc. 8). On August 16, 2021, Plaintiff filed a second Request to Retain Case, due to a possible location of Defendant Foster. (Doc. 14). The Court granted this motion, allowing for fourteen days from entry of the order for Plaintiff to serve Defendant Foster. On September 1, 2021, Plaintiff, unable to locate Defendant Foster, filed a third Request to Retain Case, due to a possible new location of Defendant Foster, which the Court again granted by text order and allowed for a fourteen-day window for service. (Doc. 15).

On October 20, 2021, Plaintiff reported another unsuccessful round of service attempts at the suspected addresses in a fourth Request to Retain Case, once again construed as a Motion for Extension of Time to Obtain Service of Process ("Fourth Motion"). (Doc. 16). Plaintiff possessed no potential leads on Defendant Foster's whereabouts, but requested that the Court extend the time to effectuate service of process on Defendant Foster until January 31, 2022. The Court granted in part Plaintiff's Fourth Motion, authorizing an extension of time to serve Defendant Foster only until December 31, 2021. (Doc. 17).

Plaintiff's attempts as authorized by the Court's order granting in part her Fourth Motion were unsuccessful. On January 4, 2022, Plaintiff filed a Request to Authorize Service on Defendant Foster at Last Know [*sic*] Mail Forwarding Address and by Serving Co-Defendant McDaniel, which the Court construes as another Motion for Extension of Time to Obtain Service of Process ("Fifth Motion"). (Doc. 18). In her Fifth Motion, Plaintiff requests that the Court authorize alternative service by "leaving a copy of the First Amended Complaint with anyone over 18 years of age" at two different addresses: Defendant Foster's suspected current address of 234 Massee Cir., Oxford, Lafayette County, MS 38655-4159; as well as the address of Defendant Foster's co-defendant Defendant McDaniel, at 7128 Apache Dr., Olive Branch, MS 38654-1316. *Id.* at 2. Plaintiff claims Defendant Foster may be avoiding service at the first address, and that alternatively, Defendant McDaniel came into contact with Defendant Foster in June 2021 and therefore should be able to serve him.

Federal Rule of Civil Procedure 4(e) governs the domestic service of process in federal civil lawsuits. Federal Rule 4(e) "provides that an individual who is a major and is not incompetent may be served in accordance with federal law or the law of the state where the district court is located or service is being made." *Najor v. Plaquemines Clay Co., LLC*, No. 13-

5000, 2018 U.S. Dist. LEXIS 172485, at *10, 2018 WL 4853722, at *4 (E.D. La. Oct. 5, 2018) (citing FED. R. CIV. P. 4(e)(1)). Pursuant to the federal rules, an individual may be served by "delivering a copy of the summons and of the complaint to the individual personally" or "at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there," or alternatively "delivering a copy of each to an agent authorized by appointment or by law to receive service of process." FED. R. CIV. P. 4(e)(2). Service attempted under Texas law is authorized by Texas Rule of Civil Procedure 106, which explains that the petition packet "may be served by personally delivering the citation and petition to the individual or sending a copy of the citation and petition by registered or certified mail, return receipt requested, to the individual," as well as by "leaving a copy of the citation and of the petition with anyone older than sixteen at the location specified in the statement." *TracFone Wireless, Inc. v. Brooks*, No 3:07-CV-2033-L, 2008 U.S. Dist. LEXIS 124889, at *3–*4 (N.D. Tex. Aug. 13, 2008); TEX. R. CIV. P. 106(b).

The Court is of the opinion that only substitute service at Defendant Foster's Oxford, Mississippi, address is proper. It would appear here that "Plaintiff has attempted but failed to personally serve [Defendant Foster] at the last known usual place of residence," and that "the manner of service ordered herein will be reasonably effective to give said defendant notice of the lawsuit." *Holli Stein A/N/F of Jon Stein v. V.*, No. 2018-29175, 2018 Tex. Dist. LEXIS 43625, at *1 (333rd Dist. Ct., Harris Cty., Tex. Aug. 1, 2018). However, Federal Rule 4(e) does not allow service of the summons and complaint upon a co-defendant. *Fox v. Mississippi*, 551 F. App'x 772, 775 (5th Cir. 2014). Plaintiff has made no indication that such service upon a co-defendant is allowed under Texas law, and the Court believes that Plaintiff's justifications for seeking service upon Defendant McDaniel—that Defendant McDaniel came into contact with Defendant

3

Foster some seven months before the Fifth Motion was filed—are insufficient to suggest Defendant Foster will receive notice of the lawsuit. Further, requiring Defendant McDaniel to himself effectuate service upon Defendant Foster presents nearly insurmountable observation costs and variables.

Therefore, it is **ORDERED** that Plaintiff's Fifth Motion be **GRANTED IN PART** and **DENIED IN PART**. (Doc. 18). It is further **ORDERED** that Plaintiff effectuate substitute service of process on Defendant Foster at 234 Massee Cir, Oxford, Lafayette County, MS 38655-4159, by **February 10, 2022**. **No further extensions will be granted without a showing of good cause.**

It is so **ORDERED**.

SIGNED this 11th day of January, 2022.

_____
DAVID B. FANNIN
UNITED STATES MAGISTRATE JUDGE